IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

       Plaintiff,

  vs.

GEORGE L. SAMPLE,

       Defendant.

Case No. 05-cr-40043-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on (1) defendant George L. Sample's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 169) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10; and (2) counsel's motion to withdraw and "no merits" statement. The Court appointed counsel for Sample, and counsel filed a "no merits" statement asserting she can make no non-frivolous arguments in support of Sample's request (Doc. 175). *See Anders v. California*, 386 U.S. 738, 744 (1967). Sample has indicated to the Court that he does not wish to respond to counsel's "no merits" statement. The government has responded and is in agreement with counsel's "no merits" statement.

Sample pled guilty to one count of conspiracy to possess with intent to distribute five grams or more of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Sample's relevant conduct was at least 3,000 kilograms but less than 10,000 kilograms of marijuana equivalency units, which under United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1 yielded a base offense level of 33. No adjustments were made to that level. With an offense level of 33 and criminal history category of IV, Sample's sentencing range was 188 to 235 months. The government, however, filed an enhancement pursuant to 21

U.S.C. § 851 subjecting Sample to a 20-year mandatory minimum.  *See* 21 U.S.C. § 841(b)(1)(A).  Consequently, pursuant to U.S.S.G. § 5G1.1(b), Sample's guideline sentence became 240 months.

Sample now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.  Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Sample cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Although Amendment 750 amended U.S.S.G. § 2D1.1 to lower some base offense levels associated with crack cocaine, it

did not reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts.  *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").  Because Sample was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been twenty years.  Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Sample cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.  *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38.  The Court therefore **DENIES** Sample's motion for a sentence reduction (Doc. 169) and **GRANTS** counsel's motion to withdraw (Doc. 175).

**IT IS SO ORDERED.**

**DATED:** October 31, 2013

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**